1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General
3  STEPHEN P. ACQUISTO
   Supervising Deputy Attorney General
4  ROSS C. MOODY, State Bar No. 142541
   Deputy Attorney General
5   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
6   Telephone:  (415) 703-1376
    Fax:  (415) 703-1234
7   Email:  Ross.Moody@doj.ca.gov

8  Attorneys for John Chiang, California State Controller

9

10                 IN THE UNITED STATES DISTRICT COURT

11                FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                          OAKLAND DIVISION

13

| | |
|---|---|
| **JOHN PETTITT, MURPHY LABRADOR CORPORATION, MAX GSD TRUST OF 1996 BY BARBARA MUSSER, TRUSTEE,**<br><br>Plaintiffs,<br><br>v.<br><br>**JOHN CHIANG, individually and in his capacity as STATE CONTROLLER OF THE STATE OF CALIFORNIA,**<br><br>Defendant. | CV 07-5854 CW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT (Fed. R. Civ. P. 12(b)(6), (e))**<br><br>Hearing:      March 6, 2008<br>Time:         2 p.m.<br>Department: 2, Fourth Floor<br>Judge:        The Honorable Claudia Wilken |

### INTRODUCTION

The complaint in its present form fails to state a cause of action, or to meet the "short and plain statement" requirement of Rule 8(a)(2) because plaintiffs fail to allege what, if anything, defendant did wrong, when this unspecified wrongful conduct occurred, or how plaintiffs have allegedly been harmed by it. Plaintiffs John Pettitt ("Pettitt"), Murphy Labrador Corporation, and Max GSD Trust of 1996 by Barbara Musser, Trustee, ("Plaintiffs") basically

Memorandum of Points and Authorities in Support of Motion to Dismiss Or, in the Alternative, for a More Definite Statement - *Pettitt v. Chiang* - CV 07-5854 CW

1

just allege that 100,000 shares of Cybersource Corporation ("CYBS") belonging to Pettitt were "seized without Due Process and converted" by Defendant John Chiang, individually and in his capacity as the Controller of the State of California (collectively "the Controller.")  In its current form, however, the Controller cannot tell what conduct by the Controller's office is being challenged.  The complaint fails to allege:

- Did Plaintiffs make a claim with the state for return of the CYBS stock?
- Did Plaintiffs receive money from the state from their CYBS stock?
- Are Plaintiffs alleging that they received a payout, but are entitled to damages, implicating an Eleventh Amendment defense?
- When did the conduct at issue occur, implicating a potential Statute of Limitations defense?

Because the complaint leaves the Controller unable to discern what conduct by the Controller's office is being challenged, the complaint does not give sufficient notice to the Controller to allow the preparation of a responsive pleading.

**ARGUMENT**

**THE COMPLAINT FAILS TO ALLEGE A CAUSE OF ACTION, OR IS NOT SUFFICIENTLY INTELLIGIBLE**.

**A.    Applicable Principles**

A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of a claim according to this rule is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).  A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

As the Supreme Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

Memorandum of Points and Authorities in Support of Motion to Dismiss Or, in the Alternative, for a More Definite Statement - *Pettitt v. Chiang* - CV 07-5854 CW

2

*Twombly*, __U.S. __, 127 S.Ct. 1955, 1964 (2007).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1964-65.  Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Additionally, all material allegations in the complaint, "even if doubtful in fact," are assumed to be true. *Twombly,* 127 S.Ct. at p. 1965.  The court must assume the truth of all factual allegations and must "construe them in the light most favorable to the nonmoving party." *Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002).  The complaint and all reasonable inferences therefrom are construed in the plaintiff's favor. *Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1580 (9th Cir. 1996).  Conclusory legal allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

A motion for a more definite statement under Rule 12(e) attacks the unintelligibility of a pleading, not the lack of detail. *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  While courts generally disfavor motions for a more definite statement, *Cellars v. Pacific Coast Packaging, Inc*. 189 F.R.D. 575, 578 (N.D. Cal. 1999), a motion for more definite statement should be granted if the complaint fails to give the defending party notice of the substance of the claim against them, *Beery v. Hitachi Home Electronics (America), Inc.*, 157 F.R.D. 477, 480 (internal citations omitted).  On the other hand, the motion generally will be denied if a party is simply seeking details of the claim that can be obtained through discovery. *Beery*, 157 F.R.D. at 480.

In cases involving public officials who may be entitled to qualified immunity, the court is more likely to grant a Rule 12(e) motion. Qualified immunity is the right to be immune from suit. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The question of whether a defendant is entitled to qualified immunity must be resolved early in the proceedings to preserve this right. *Id*. The Court must exercise its discretion in order to prevent officials who may be entitled to

Memorandum of Points and Authorities in Support of Motion to Dismiss Or, in the Alternative, for a More Definite Statement - *Pettitt v. Chiang* - CV 07-5854 CW

3

qualified immunity from being subjected to unnecessary and burdensome discovery. *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (discovery should not be allowed until the threshold immunity question is resolved). Exercising that discretion, the court may require the plaintiff to "put forward specific, non-conclusory factual allegations" that would establish the defendant's improper motive causing plaintiff's civil rights violation. *Crawford-El*, 513 U.S. at 598 (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)).

**B.   The Relief Sought Violates The Eleventh Amendment**

The Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." Historically, the Eleventh Amendment has protected states' treasuries from federal court judgments. *See Hess v. Port Authority Trans-Hudson Corp.*, 513 U.S. 30, 39 (1994); *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) [Eleventh Amendment precludes actions brought against a state officer where the action is essentially one for recovery of money from the state treasury]. The Eleventh Amendment prohibits a federal court from exercising jurisdiction over a nonconsenting state defendant. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). It is an explicit limitation on federal judicial power and applies to the state and its agencies "regardless of the nature of the relief sought." *Id.* at 100. It bars federal courts from deciding claims against a state and its agencies unless the state has "unequivocally expressed" its consent to suit or there is an "unequivocal expression of congressional intent" to abrogate Eleventh Amendment immunity. *Id.* at 99.

In the instant complaint, in addition to return of their property, Plaintiffs also seek "monetary damages" from the state. (Compl. ¶ 32; *see also* ¶ 36 [seeking monetary damages . . . commensurate with the injuries they have suffered"]; Prayer for Relief [seeking "Compensatory Damages.'].) The Ninth Circuit has held that seeking relief such as damages would "impermissibly require compensation from the State treasury" and is barred by the Eleventh Amendment. *Suever v. Connell*, 439 F.3d 1142, 1148 (9th Cir. 2006). Because Plaintiffs seek monetary damages from the Controller in violation of the Eleventh Amendment, their complaint

Memorandum of Points and Authorities in Support of Motion to Dismiss Or, in the Alternative, for a More Definite Statement - *Pettitt v. Chiang* - CV 07-5854 CW

4

1  should be dismissed.

2      **C.   The Complaint Is Conclusory And Unintelligible**

3          The complaint itself fails to allege with sufficient clarity how Plaintiffs were harmed
4  by the Controller.  A large portion of the complaint does not address the circumstances of
5  Plaintiffs's case, but instead features generic complaints about the practices of the Controller's
6  office which do not relate to Plaintiffs, but relate to other owners of property in different
7  circumstances.  (*See*, *e.g.*, Compl. ¶¶ 14-18 (alleging changes in Controller's policies towards
8  unclaimed property from the 1970's to 1989); ¶ 26 (alleging that "[s]ome Owners receive not
9  notice of all," but failing to allege any facts about notice provided to Plaintiffs here).)  Because
10 these generic allegations do not apply to Plaintiffs, they do not assist in determining what
11 occurred which Plaintiffs contend violate their rights.

12         The gravamen of the complaint is uncertain.  Plaintiffs may be seeking lost profits
13 damages from the Controller, but the complaint fails to specifically allege this.  Significantly, it
14 is not clear from the complaint whether Plaintiffs previously sought relief from the Controller
15 and received a sum for the CYBS shares or not.  In paragraph 22, Plaintiffs contend that the
16 Controller values the escheated CYBS shares at $663,000, but Plaintiffs believe that the shares
17 are worth $1,300,000.  However, the complaint fails to state if Plaintiffs received $663,000 or if
18 they received nothing at all from the Controller.  (*See* Compl. ¶ 22.)  This distinction is
19 significant, as a claim for damages against the Controller is subject to an Eleventh Amendment
20 defense, while a claim for return of property may not be barred.  *See Taylor v. Westly*, 402 F.3d
21 924, 930 (2005) (Eleventh Amendment did not bar plaintiffs' claims seeking the return of their
22 own stock.)  Plaintiffs's failure to allege how they were injured, or whether they received any
23 sum from the Controller, fails to give adequate notice of their claim such that a responsive
24 pleading can be framed.  *Hilchey v. City of Haverhill*, 233 F.R.D.3d 67, 69 (D. Mass 2005) (Rule
25 12(e) motion granted with respect to civil rights complaint where "allegations are made in legal
26 generalizations with no specific allegations as to the perpetrators or their supervisors").

27         The Controller may also have a valid statute of limitations defense.  However, the
28 complaint fails to plead the approximate date on which the stock at issue was transferred to the

Memorandum of Points and Authorities in Support of Motion to Dismiss Or, in the Alternative, for a More Definite Statement - *Pettitt v. Chiang* - CV 07-5854 CW

5

1  Controller, other than to say that it occurred "in or about 2004." (Compl. ¶ 13.) The complaint
2  fails to allege when, or if, Plaintiffs requested that the property be returned, or when, or if, that
3  request for return of the property by the Controller was refused. Failure to allege these dates
4  undermines defendant's ability to plead a statute of limitations defense, and is a basis for a order
5  for a more definite statement. *Wood v. Apodaca*, 375 F. Supp. 2d 942, 949-50 (N.D. Cal. 2005);
6  *see also FDIC v. Mintz*, 816 F. Supp. 1541, 1547 (D.C. Fla. 1993) (defendants entitled to more
7  definite statement to assess statute of limitations defense.)
8  ///
9  ///
10 ///

Memorandum of Points and Authorities in Support of Motion to Dismiss Or, in the Alternative, for a More Definite Statement - *Pettitt v. Chiang* - CV 07-5854 CW

6

**CONCLUSION**

The complaint should be dismissed because it fails to allege sufficient facts to state a cognizable claim. Because the complaint fails to allege how and when Plaintiffs were harmed by the Controller's conduct, the Controller is unable to assess its potential defenses and prepare a responsive pleading. In the alternative, Plaintiffs should be directed to file an amended complaint which contains that factual allegations necessary to permit an answer or other responsive pleading by the Controller.

Dated:  January 18, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

STEPHEN P. ACQUISTO
Supervising Deputy Attorney General


/s/ Ross C. Moody


ROSS C. MOODY
Deputy Attorney General
Attorneys for Defendant

40206233.wpd
SA2007103310

Memorandum of Points and Authorities in Support of Motion to Dismiss Or, in the Alternative, for a More Definite Statement - *Pettitt v. Chiang* - CV 07-5854 CW

7