investments, which was done under threat of fines and penalties issued by Defendant against the corporations and their agents. On information and belief, Defendant hired agents who are paid a consulting fee together with a "bounty" or percentage of all investments seized from corporations. In order to comply with the Defendant's demands, corporations and their agents surrender duplicate stock certificates. Once the Controller receives the duplicate certificates, the stock investments are sold through private brokers and the proceeds are deposited in the general fund for the State of California.

11.     Plaintiffs are informed and believe that starting in or about 1995, Defendant made the purposeful decision to disregard notice and due process obligations. Defendant determined that it was "impractical" and not cost effective to publish the individual names, addresses and stock information as required by statute, nor was it necessary to notify known stockholders with direct mail notice. Instead, Defendant determined that generic "block ads" were sufficient constitutional notice to the owners of the stock investments. Consequently, the investors including Plaintiffs whose stock was seized and sold by the Controller have no reason to suspect that their investments were taken.

12.     In Plaintiffs' case, on information and belief, Defendant seized Plaintiffs' share certificates of CYBS in or around March, 2004, and thereafter, before Plaintiffs were aware of the seizure, sold the 100,000 shares for $6.63 each, a total of $663,000.

13.     Thus, as discussed in greater detail below, Defendant's actions in taking possession of Plaintiffs' stock investments without notice and due process or the knowledge and consent of the Plaintiffs violates the express provisions of the UPL,

4

Case No. CV 07-5854 CW                                         FIRST AMENDED COMPLAINT