1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General
3  STEPHEN P. ACQUISTO
   Supervising Deputy Attorney General
4  ROSS C. MOODY, State Bar No. 142541
   Deputy Attorney General
5   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
6   Telephone:  (415) 703-1376
    Fax:  (415) 703-1234
7   Email:  Ross.Moody@doj.ca.gov

8  Attorneys for John Chiang, California State Controller

9

10                 IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

13

14  **JOHN PETTITT, MURPHY LABRADOR**            CV 07-5854 CW
    **CORPORATION, MAX GSD TRUST OF 1996 BY**
15  **BARBARA MUSSER, TRUSTEE,**                 **MEMORANDUM OF POINTS**
                                                 **AND AUTHORITIES IN**
16                              Plaintiffs,      **SUPPORT OF MOTION TO**
                                                 **DISMISS FIRST AMENDED**
17               v.                              **COMPLAINT**
                                                 **(Fed. R. Civ. P. 12(b)(6))**
18  **JOHN CHIANG, individually and in his capacity as**
    **STATE CONTROLLER OF THE STATE OF**         Hearing:     April 24, 2008
19  **CALIFORNIA,**                              Time:        2 p.m.
                                                 Department: 2, Fourth Floor
20                              Defendant.       Judge:       The Honorable
                                                              Claudia Wilken
21

22                           **INTRODUCTION**

23        Plaintiffs John Pettitt, Murphy Labrador Corporation, and Max GSD Trust of 1996 by

24  Barbara Musser, Trustee, ("Plaintiffs") allege that 100,000 shares of Cybersource Corporation

25  ("CYBS"), awarded to Pettitt by CYBS as partial compensation for his work for CYBS were

26  "seized without Due Process and converted" by Defendant John Chiang, individually and in his

27  capacity as the Controller of the State of California (collectively "the Controller.")  In response

28  to Plaintiffs' initial complaint, the Controller filed a motion to dismiss or for a more definite

Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint - *Pettitt v. Chiang* -
CV 07-5854 CW

                                           1

1 statement.  Prior to the hearing on the Controller's motion, on February 22, 2008, Plaintiffs filed

2 a First Amended Complaint, and on the same date the Court issued an order finding the pending

3 motion to dismiss moot.  However, the First Amended Complaint reveals that the claims

4 presented are untimely, and barred by the Eleventh Amendment, and must be dismissed.

5                                                    **ARGUMENT**

6

7              **Law Applicable To Rule 12(b)(6) Motions**.

8              A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See North*

9 *Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of a claim

10 according to this rule is proper only in "extraordinary" cases.  *United States v. Redwood City*,

11 640 F.2d 963, 966 (9th Cir. 1981).  A complaint may be dismissed as a matter of law for two

12 reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory.

13 *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

14              As the Supreme Court recently explained, "[w]hile a complaint attacked by a Rule

15 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

16 provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

17 a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v.*

18 *Twombly*, __U.S. __, 127 S.Ct. 1955, 1964 (2007).  Rather, the allegations in the complaint

19 "must be enough to raise a right to relief above the speculative level."  *Id.* at 1964-65.  Courts

20 will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the

21 defendants have violated . . . laws in ways that have not been alleged." *Associated General*

22 *Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526

23 (1983).

24              Additionally, all material allegations in the complaint, "even if doubtful in fact," are

25 assumed to be true.  *Id.*  The court must assume the truth of all factual allegations and must

26 "construe them in the light most favorable to the nonmoving party." *Gompper v. VISX, Inc.*, 298

27 F.3d 893, 895 (9th Cir. 2002). The complaint and all reasonable inferences therefrom are

28 construed in the plaintiff's favor. *Walleri v. Fed. Home Loan Bank of Seattle*, 83 F.3d 1575, 1580

Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint - *Pettitt v. Chiang* -
CV 07-5854 CW

1   (9th Cir. 1996).  Conclusory legal allegations and unwarranted inferences are insufficient to

2   defeat a motion to dismiss. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

3                                              **I.**

4                   **PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF
                    LIMITATIONS**

5

6           The claims in the First Amended Complaint are barred by the Statute of Limitations.

7   The United States Supreme Court recently reaffirmed that in considering the timeliness of a

8   section 1983 claim, a federal court "looks to the law of the State in which the cause of action

9   arose" to determine "the length of the statute of limitations."  *Wallace v. Kato*, __ U.S. __, 127

10  S.Ct. 1091, 1094-1095 (2007).  California has a 90 day statute of limitations on claims which

11  contend that the Controller has violated the claimant's rights with respect to the Unclaimed

12  Property Law.  Cal. Code Civ. Proc., §1541.  Plaintiffs failed to file their action within 90 days

13  of the Controller's decision on their claim, and their complaint must therefore be dismissed.

14          **A.    The California Statute Of Limitations For UPL Claims Is 90 Days**

15          California Code of Civil Procedure section 1540 provides that when a person claims an

16  interest in unclaimed property delivered to the Controller, the claimant is required to file a

17  verified claim for the proceeds on a form prescribed by the Controller. The Controller then has

18  90 days to consider the claim.   If aggrieved by the decision of the Controller, the claimant is

19  expressly required to file a judicial action within 90 days of the Controller's decision.  Cal. Code

20  Civ. Proc., §1541.  And through section 1566(b), the California Legislature has declared that

21  "[e]xcept as provided in Section 1541, no suit shall be maintained by any person against the state

22  or any officer or employee thereof for or on account of any transaction entered into by the State

23  Controller pursuant to this chapter."  Thus, the 90-day statute of limitations expressly applies to

24  plaintiffs's grievance with the Controller regarding the unclaimed property at issue.

25          **B.    Plaintiffs's Claim Accrued On March 6, 2007**

26          Plaintiffs allege that on May 16, 2006, plaintiff John Pettitt "made a claim for the

27  return of the share certificates of CYBS held by Defendant." (First Am. Compl., ¶ 20.  Plaintiffs

28  further allege that "[o]n or about March 6, 2007, Defendant issued its check No. 60-142935 in

Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint - *Pettitt v. Chiang* - CV 07-5854 CW

1   the amount of $663,000 to MLC in care of John Pettitt." (First Am. Compl., ¶ 22.) Plaintiffs

2   allege that the payment of $663,000 paid by the Controller on March 6, 2007 was inadequate

3   because it was based on the Controller's sale of the shares in December of 2004 at $6.63 a share,

4   and not the $12 per share market value of the shares at the time of the payment of the claim.

5   (First Am. Compl., ¶ ¶ 23.)

6           Under federal law, a § 1983 cause of action accrues "when the plaintiff has 'a

7   complete and present cause of action.'" *Wallace,* 127 S.Ct. at 1091, quoting  *Bay Area Laundry*

8   *and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997).

9   Specifically, the cause of action accrues when "the plaintiff can file suit and obtain relief."

10  *Wallace,* 127 S.Ct. at 1091 (internal quotation omitted).  Here, the First Amended Complaint

11  alleges that on March 6, 2007, the Controller issued a check for $663,000 in settlement of

12  Plaintiffs's UPL claim for the 100,000 shares of CYBS at issue.   (First Am. Compl. at ¶ 22.)

13  Further, plaintiffs' complaint acknowledges that the Controller advised them on March 6, 2007

14  that the check was in settlement for the 100,000 CYBS shares which had been sold for $6.63 per

15  share on December 17, 2004.   (First Am. Compl., ¶ 22.)  Thus, when the check was issued,

16  Plaintiffs were aware of when the Controller sold the stock, how much he received, and how

17  much he was going to pay them to settle their claim. At the time the check was issued, because

18  Plaintiffs were in a position to bring their suit to address their contentions, their claim against the

19  Controller, if any, accrued for purposes of calculating the statute of limitations.

20          The First Amended Complaint discloses that plaintiffs failed to file any legal challenge

21  to the actions of the Controller within the 90 days provided by section 1541.   If not satisfied

22  with payment by the Controller,  Plaintiffs were statutorily required to handle this grievance

23  through the exclusive judicial proceeding provisions of section 1541, and were further required

24  to commence this action no later than on or about June 5, 2007 – 90 days after payment of the

25  claim on March 6, 2007.   Instead, plaintiffs waited 257 days from the date the Controller paid

26  the claim on March 6, 2007 to bring the instant action on November 19, 2007, well outside the

27  statute of limitations.

28          Simply put, Plaintiffs dispute the amount the Controller paid them under California's

Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint - *Pettitt v. Chiang* - CV 07-5854 CW

1  Unclaimed Property Law for the CYBS shares.  Any such claim was statutorily required to be

2  filed within 90 days of the Controller's determination of Plaintiffs's claim.  Having filed their

3  action  more than 160 days after the statute expired on June 5, 2007, under no scenario can

4  plaintiffs's claims be considered timely.  Therefore, the entire action is barred by the applicable

5  statute of limitations, and must be dismissed.

6                                              **II.**

7        **THE ELEVENTH AMENDMENT PRECLUDES THE RELIEF SOUGHT
         BY PLAINTIFFS**

8

9        Plaintiffs seek more than return of their property, they seek "monetary damages, in a

10  manner commensurate with the injuries they have suffered."  (First Am. Compl., ¶ 46.)

11  Although Plaintiffs acknowledge that the Controller has returned to them the sum received by

12  the Controller when the CYBS shares were liquidated, Plaintiffs contend that the Controller is

13  "liable to Plaintiffs for the loss in value of the CYBS [shares] after they were seized."  (First Am.

14  Compl., ¶ 9.)  The Eleventh Amendment does not permit the relief sought by Plaintiffs.

15        **A.    The Eleventh Amendment Limits Available Remedies**

16        The Eleventh Amendment provides: "The Judicial Power of the United States shall not

17  be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

18  United States by Citizens of another State . . . ."  Historically, the Eleventh Amendment has

19  protected states' treasuries from federal court judgments.  *See Hess v. Port Authority Trans-*

20  *Hudson Corp.*, 513 U.S. 30, 39 (1994); *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) [Eleventh

21  Amendment precludes actions brought against a state officer where the action is essentially one

22  for recovery of money from the state treasury].  The Eleventh Amendment prohibits a federal

23  court from exercising jurisdiction over a nonconsenting state defendant. *Pennhurst State School*

24  *& Hospital v. Halderman*, 465 U.S. 89 (1984). It is an explicit limitation on federal judicial

25  power and applies to the state and its agencies "regardless of the nature of the relief sought." *Id.*

26  at 100. It bars federal courts from deciding claims against a state and its agencies unless the state

27  has "unequivocally expressed" its consent to suit or there is an "unequivocal expression of

28  congressional intent" to abrogate Eleventh Amendment immunity.  *Id*. at 99.

Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint - *Pettitt v. Chiang -*
CV 07-5854 CW

1             **B.   The Relief Sought Violates The Eleventh Amendment**

2           In the First Amended Complaint, in addition to return of their property, Plaintiffs also

3 seek "monetary damages" from the state.  (First Am. Compl. ¶ 46; *see also* ¶ 50 [seeking

4 monetary damages . . . commensurate with the injuries they have suffered"]; Prayer for Relief

5 [seeking "Compensatory Damages.']).)  The Ninth Circuit has held that seeking relief such as

6 damages on an unclaimed property claim would "impermissibly require compensation from the

7 State treasury" and is barred by the Eleventh Amendment.  *Suever v. Connell*, 439 F.3d 1142,

8 1148 (9th Cir. 2006).

9          The Ninth Circuit has held that while a claim for return of property may not be barred,

10 a claim for damages against the Controller is subject to an Eleventh Amendment defense.  *See*

11 *Taylor v. Westly*, 402 F.3d 924, 930 (2005) (Eleventh Amendment did not bar plaintiffs' claims

12 seeking the return of their own stock.)    While they style their complaint in part as a request for

13 return of their property, the gravamen of plaintiffs' action is the request for "damages in the

14 amount of $1,071,000.00 " sought in paragraph 25.   In fact,  plaintiffs concede that they have

15 received a check from the Controller which represents a payment for the 100,000 shares of

16 CYBS stock which escheated to the state.  (First Am. Compl., ¶ 22.)  Therefore, plaintiffs' First

17 Amended Complaint makes clear that there is no longer any property to return.  This case is

18 solely about monetary damages.  "Federal courts may not award retrospective relief, for instance,

19 money damages or its equivalent, if the State invokes its [Eleventh Amendment] immunity."

20 *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004).  The plaintiffs' demand for damages

21 runs afoul of the Eleventh Amendment, and requires a dismissal of the complaint.

22 / /

23 / /

24 / /

25

26

27

28

Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint - *Pettitt v. Chiang* - CV 07-5854 CW

**CONCLUSION**

The First Amended Complaint should be dismissed because the claims presented in it

are barred by the statute of limitations, and violate the proscriptions of the Eleventh Amendment.

Dated: March 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

STEPHEN P. ACQUISTO
Supervising Deputy Attorney General


/s/ Ross C. Moody

ROSS C. MOODY
Deputy Attorney General
Attorneys for Defendant

40225656.wpd
SA2007103310

Memorandum of Points and Authorities in Support of Motion to Dismiss First Amended Complaint - *Pettitt v. Chiang* -
CV 07-5854 CW