ADAMONT N. GEORGESON (57087)
J. EDWARD KERLEY (175695)
DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300
(415) 455-0270 Facsimile

Attorneys for Plaintiffs

EDMUND G. BROWN, JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General
ROSS C. MOODY, State Bar No. 142541
Deputy Attorney General

Attorneys for Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JOHN PETTITT, MURPHY LABRADOR CORPORATION, MAX GSD TRUST OF 1998 BY BARBARA MUSSER, TRUSTEE,

  Plaintiffs,

v.

JOHN CHIANG, individually and in his capacity as STATE CONTROLLER OF THE STATE OF CALIFORNIA,

  Defendant.

Case No.: CO 705854 CW

JOINT CASE MANAGEMENT STATEMENT

Date: April 1, 2008
Time: 2:00p.m.

1. **Jurisdiction and Service**

  Plaintiffs assert that this Court has jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, and 1343, and for an action arising under the "Takings Clause" of the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Contract Clause of Article 1, Section 10 of the United States Constitution. Defendant challenges jurisdiction on the grounds of the Eleventh Amendment to the United States

Constitution. Venue is proper in this Court because the Defendant's conduct and other events occurred in this judicial district. All necessary parties have been served.

2. **Facts**

Since approximately December of 1998, Plaintiff John Pettitt through Plaintiff Murphy Labrador Corporation ("MLC"), the holding entity for Plaintiff MAX GSD Trust of 1998 (the "Trust"), has held shares of CyberSource Corporation ("CYBS") in the Trust for his intended beneficiaries. Sometime during 1999, all of the shares of CYBS, including Plaintiffs' original 200,000 shares, went through a reverse split and became 100,000 shares of stock, which certificate was issued to MLC and held in trust.

Plaintiffs allege that on or around March 3, 2004, Defendant caused CYBS, through its Stock Transfer Company (American Stock Transfer Corporation of New York, New York ("AST")) to cancel the outstanding certificate and issue a replacement certificate, which it then forwarded to the California State Controller. Defendant contends that the escheatment of the shares occurred through ordinary and lawful processes pursuant to the California Code of Civil Procedure. There is some confusion about the date of surrender and sale, since AST reported that the shares had been transferred as "unclaimed funds" on March 3, 2004; however, the Controller's records received by Plaintiffs indicate that the "Date RCD", which Plaintiffs assume means the date received by the California State Controller, was reported as "10/05/04".

In April of 2006, Plaintiff John Pettitt was contacted by a representative of a search entity informing Mr. Pettitt that the shares of CYBS had been escheated. On May 17, 2006, Plaintiff John Pettitt, as the principal officer of MLC, made a claim to Defendant for the return of the share certificates of CYBS. After the State Controller's waiting period, Plaintiffs learned that the stock certificate would not be returned, and on March 6, 2007, Defendant issued its check No. 60-142935 in the amount of $663,000 to MLC in care of John Pettitt. The check stub indicated that the stock had been sold on December 17, 2004 at $6.63 per share. Plaintiffs thereafter brought this action in

Case No. CV 07-5854 CW                    JOINT CASE MANAGEMENT STATEMENT

November of 2007.

3. **Legal Issues**

Plaintiffs claim that Defendant failed to comply with California Code of Civil Procedure §1300, the state's Unclaimed Property Law, and in his practices, violated federal constitutional due process requirements. Defendant has filed a motion to dismiss raising two grounds (1) the statute of limitations bars recovery and (2) the Eleventh Amendment of the U.S. Constitution prevents Plaintiffs from making a monetary claim in federal court against a state official. Plaintiffs respond that (1) the statute of limitations should be equitably tolled and (2) that the Eleventh Amendment does not apply because Defendant's act was an *ultra vires*, and Plaintiffs seek the return of their property, to-wit the seized share certificate for 100,000 shares of CYBS, which is prospective relief, not money damages from the state.

4. **Motions.**

In response to the initial complaint, Defendant filed a Motion to Dismiss or for More Definite Statement. In response, Plaintiffs filed a First Amended Complaint, and the motion was declared moot.

Plaintiff's motion to dismiss the First Amended Complaint is set for hearing on April 24, 2008 at 2 p.m.

5. **Amendment of Pleadings**

Plaintiffs filed a First Amended Complaint, adding no new party, on February 22, 2008.

6. **Evidence Preservation**

Plaintiffs have undertaken all measures to preserve evidence. Plaintiffs believe that Defendant has disposed of Plaintiffs' share certificate for 100,000 shares of CYBS Stock. Defendant is still in the process of searching for all relevant documents.

7. **Disclosures.**

Case No. CV 07-5854 CW                    JOINT CASE MANAGEMENT STATEMENT

1  Plaintiffs and Defendant have had a discussion concerning initial disclosures. Defendant believes that the exchange of documents should be delayed until the motion to dismiss is heard and decided.

8. **Discovery**

On March 13, 2008, Plaintiffs served Request for Production of Documents, Set One, on Defendant. The document request calls for a production on April 23, 2008. Defendant believes that the document production should be delayed until after the motion to dismiss is heard on April 24, 2008. Plaintiffs do not wish to delay the production, as they will need access to the requested documents if the Court should require that Plaintiffs allege additional facts in support of their claims.

9. **Class Action** - Not Applicable.

10. **Related Cases** – Not Applicable.

11. **Relief**.

Plaintiffs contend that they seek the return of the stock certificate for 100,000 shares of CyberSource Corporation, which has a current value of $1,734,000, an amount $1,071,000 higher than Defendant paid to Plaintiffs after selling the stock. Defendant notes the shares of CYBS previously owned by Plaintiffs have been sold, and therefore the shares cannot be returned. In addition, Defendant observes that Plaintiffs have already received a settlement check for $664,000 from the State for the shares of CYBS at issue, and that the First Amended Complaint requests over $1 million in monetary damages.

12. **Settlement and ADR**:

Settlement and ADR attorneys for the parties have discussed the likelihood of ADR. Although Defendant is unlikely to be willing or able to fund a settlement in excess of $1,000,000 to Plaintiffs, Plaintiffs believe ADR may assist in clarifying positions and finding a way to make Plaintiffs whole.

13. **Consent to Magistrate Judge For All Purposes**:

Case No. CV 07-5854 CW    JOINT CASE MANAGEMENT STATEMENT

Plaintiffs do not consent to a Magistrate/Judge.

14. **Other References**:

The case is not suitable to refer to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation because it is a complex case with significant damages.

15. **Narrowing of Issues**:

Not known at this time.

16. **Expedited Schedule**:

This case can be handled on an expedited basis with streamlined procedures.

17. **Scheduling**:

Completion of normal discovery, July, 2008. Designation of experts, September, 2008. Hearing on dispositive motions, September, 2008. Pre-trial conference, October, 2008. Trial, November/December, 2008.

18. **Trial**:

Plaintiffs have demanded a jury trial and expect a five or six day trial.

19. **Disclosure of Non-party Interested Entities or Persons**:

There are no such interested entities or persons known.

March 24, 2008, at San Rafael, California.

DOHERTY GEORGESON KERLEY LLP

By: _____
ADAMONT N. GEORGESON,
Attorney for Plaintiffs

ATTORNEY GENERAL OF THE STATE OF CALIFORNIA

Dated: March 25, 2008

By: _____
ROSS C. MOODY,
Attorney for Defendant

Case No. CV 07-5854 CW                    JOINT CASE MANAGEMENT STATEMENT