ADAMONT N. GEORGESON (57087)
J. EDWARD KERLEY (175695)
DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300
(415) 455-0270 Facsimile

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JOHN PETTITT, MURPHY LABRADOR CORPORATION, MAX GSD TRUST OF 1998 BY BARBARA MUSSER, TRUSTEE,

    Plaintiffs,

v.

JOHN CHIANG, individually and in his capacity as STATE CONTROLLER OF THE STATE OF CALIFORNIA,

    Defendant.

Case No.: CV 07-05854 CW

**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date: April 24, 2008
Time: 2:00 p.m.
Department: 2
The Honorable Claudia Wilken

## I. Introduction

This case arises out of the seizure of 100,000 shares of Cybersource Corporation, a publicly traded software company, by the California state controller (the "Controller"). Plaintiffs' shares were seized by the Controller and were to be held in trust for the protection of Plaintiffs. But instead of returning the shares when they were demanded, the Controller has paid Plaintiffs only a portion of their value. The attached February 4, 2008, article from the Wall Street Journal is illustrative of what happened in this case. The article begins with a headline reading: "States Scooping Up Assets From Millions of

1

Americans."[1] It details how states have increasingly turned to unclaimed property statutes to reap billions in assets. Plaintiffs' shares were seized as the article indicates in an effort to generate revenue for the state. There is apparently about $5.1 billion in the trust, and it generates millions of dollars a year in interest for the State of California. Plaintiffs by this lawsuit seek to have their shares returned, or in the alternative, the value of their shares.

The Controller seeks dismissal of this suit based on two arguments. The first argument, that this lawsuit is governed by a 90-day statute of limitation, is completely flawed. As discussed below, it is well established that the appropriate statute of limitations for §1983 actions is the state limitation for personal-injury actions. In California, that is two years, not 90 days.

The second argument is that this case is barred in its entirety by the Eleventh Amendment. This argument is premised on the contention that return of the shares or their value would come from the California State Treasury. But as the complaint alleges, the Controller is being sued as the trustee of the unclaimed property trust. The statutory framework in California that established the trust does not permit seized shares of stock to escheat to the State, but instead they remain in trust. The complaint alleges that the trust has $4 billion in assets, the attached W.S.J. article notes that the trust is now approximately $5.1 billion in assets. Clearly the trust has sufficient assets to return Plaintiffs' 100,000 shares of Cybersource Corporation or their value.

**II.     Summary of the Facts**

John Pettit is a citizen of England and one of the founders of Cybersource. He was compensated by Cybersource with the grant of a number of its shares, 100,000 of which he put in the Max GSD trust.[2] The shares were seized without notice or due process to any of the Plaintiffs.[3] On March 6, 2007, the Controller in response to Plaintiffs' claim

---

[1] Attached as Exhibit A
[2] First Amended Complaint at ¶¶ 13-14
[3] *Id.* at ¶¶ 34 – 40

2

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA  94901
(415) 453-2300

issued a check in the amount of $663,000 rather than return the 100,000 shares.[4] On November 19, 2007, this action was filed to recover the shares, or their value.

**III.    Two Years is the Statute of Limitations For a §1983 Claim**

    **A.    Section 1983 Claims are Uniformly Limited by State Statutes of Limitation for Personal-Injury Torts**

It has been settled law since 1985 that the statute of limitations for a personal-injury tort determines the time limitation for bringing a §1983 action. In *Wilson v. Garcia,* the Supreme Court established uniformity for all §1983 actions. It required that the federal courts look to the state statute of limitation for a personal-injury tort in determining whether the §1983 action was timely filed.[5] The 9th Circuit followed the dictates of *Wilson* in the *Usher v. Los Angeles* decision.[6] Under *Usher*, the appropriate statute for this Court to look to is California Code of Civil Procedure §335.1, and that section states that: "Within two years: An action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" shall be brought."

The two-year statute of limitation was recently confirmed by the 9th Circuit in 2007 in *Canatella v. Van De Kamp.* The 9th Circuit held that: "California['s] statute of limitations for assault, battery, and other personal injury claims' applies to Canatella's §1983 claims unless it is inconsistent with federal law. (cit. omitted) The current version of that statute, which became effective on January 1, 2003, provides that personal injury actions must be brought within two years after the cause of action arose."[7] Thus, the appropriate statute of limitation runs two years from the date that the Controller refused to return the 100,000 shares of Cybersource. The amended complaint alleges that

---

[4] *Id*. at ¶ 22
[5] *Wilson v. Garcia*, 471 U.S. 261, 278 (1985)
[6] *Usher v. Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987)
[7] *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007)

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA  94901
(415) 453-2300

occurred on or about March, 6, 2007. Since this action was filed on November 19, 2007, it is not time barred.

### B. The Controller Misapplies the *Wallace* Decision

The Controller in urging a 90-day statute of limitation clearly misapplies the holding in *Wallace*. In *Wallace* the court states that it is the personal-injury-tort statute of limitation that applies to §1983 claims.[8] This is explicitly stated in the fifth paragraph of the decision as settled law. *Wallace* itself is not a case about what the statute of limitation should be, that was decided in *Wilson* twenty years ago; instead, *Wallace* deals with what the appropriate tolling of the statute of limitations should be. In *Wallace* the plaintiff was arrested at the age of 15 and was coerced into making a confession. He was then convicted, but an appellate court later tossed out the conviction. Wallace then filed a §1983 suit against the city of Chicago and several Chicago police officers seeking damages for his unlawful arrest. The issue as to tolling was whether the statute of limitations should run from the date of Wallace's arrest, or from the date his conviction was later overturned. *Wallace* established that there was no tolling during the period up to the time his conviction was overturned. None of this analysis in *Wallace* lends any support to the Controller's contention that a 90-day statute applies to this §1983 action.

### C. The Immunity Granted the Controller By California Law Does Not Extinguish Plaintiffs' §1983 Claims

The Controller cites the Court to §1566 of California Code of Civil Procedure essentially attempting to boot strap the immunity given to the Controller under state law in order to bar this action. But it is well established that state immunity cannot defeat a §1983 action. The Supreme Court established in *Martinez v. California* that: "Conduct by persons acting under color of state law which is wrongful under 42 U. S. C. §1983 or

---

[8] *Wallace v. Kato*, __ U.S. __, 127 S.Ct. 1091, 1094 (2007)

4

Case No. CV 07-05854 CW                                        OPPOSITION TO MOTION TO DISMISS

1  §1985(3) cannot be immunized by state law. A construction of the federal statute which
2  permitted a state immunity defense to have controlling effect would transmute a basic
3  guarantee into an illusory promise; and the supremacy clause of the Constitution insures
4  that the proper construction may be enforced."[9]

5  California Code of Civil Procedure §1566 essentially grants the Controller
6  complete immunity. The only exception under §1566 is if a claimant has filed a state
7  action in response to the Controller's decision within 90 days. The Controller cannot rely
8  on this state created immunity to escape suit under §1983 and he has failed to cite in his
9  brief any authority for that proposition. Taken literally, §1566 would deprive any and all
10 plaintiffs of any recourse to the federal courts for a clear violation of their rights under
11 the Constitution. As the Supreme Court noted "For even though that [Supremacy] Clause
12 is not a source of any federal rights, it does 'secure' federal rights by according them
13 priority whenever they come in conflict with state law. In that sense all federal rights,
14 whether created by treaty, by statute, or by regulation, are 'secured' by the Supremacy
15 Clause.[10] Thus, the Controller cannot avail itself of state immunity to obtain immunity
16 from his violation of the U.S. Constitution.

### IV.    The Eleventh Amendment Does Not Bar the Action

19 Where a state official acts unconstitutionally in seizing property the Eleventh
20 Amendment does not apply. In *Taylor v. Westly*, a case directly addressing the California
21 unclaimed property statute, the Ninth Circuit held that: "Money that the state holds in
22 custody for the benefit of private individuals is not the state's money, any more than
23 towed cars are the state's cars. Thus, where a permanent escheat determination has not yet
24 been made, the state's Eleventh Amendment immunity from suit against it for damages
25 payable from its treasury has no application to escheated property and sales proceeds

---

[9] *Martinez v. California*, 444 U.S. 277, 284 (1980)
[10] *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 612-613 (1979)

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300

from escheated property, whether held by the Controller or the Treasurer."[11] The court further noted that even if the Controller has paid money over to the general fund of the State, the Controller is required by the California statutes to order it "retransferred" from the general fund back to the "Unclaimed Property Fund" "if it is subsequently determined that such money or . . . property is not, in fact, permanently escheated."[12]

Here, as in *Taylor*, it is not alleged that the property permanently escheated to the State. As the court in *Taylor* noted: "[P]laintiffs' claims meet the requirements of the *Lee-Malone* exception to sovereign immunity. The plaintiffs seek return of their own property, rather than to gain ownership of government property. They allege actions that would fall outside the scope of the Controller's statutory authority to such an extent as to be *ultra vires*. California did not and could not authorize its officer to take people's property without notice and in the absence of any connection to the State of California."[13]

Defendant also argues that the claim sought is solely for "money damages" because if Plaintiffs prevail the State will be required to pay money out of the State's general fund. However, the *Taylor* court rejected a similar argument, holding that "the trust continues, even after the Controller has transferred the money to the general fund [and] [t]hus the money, even if in the general fund, is not held free and clear by the State of California, but subject to retransfer if the property is later found not to be permanently escheated."[14]

Plaintiffs' claims are essentially identical to those made by the plaintiffs in *Taylor*. Plaintiffs seek the return of their own property that has been held in trust by the Controller. Under *Taylor*, these claims are not subject to Eleventh Amendment immunity.

The Controller tries to distinguish Plaintiffs' case by pointing out that Controller has already paid Plaintiff what it considers the value of the shares of stock seized without notice. But this argument fails because, as the Taylor court made clear, the Controller

---

[11] *Taylor v. Westly*, 402 F.3d 924, 932 (9th Cir. 2005)
[12] *Id.* at 931
[13] *Id.* at 934-935
[14] *Id.* at 931

DOHERTY GEORGESON KERLEY LLP
999 Fifth Avenue, Suite 400
San Rafael, CA 94901
(415) 453-2300

6

Case No. CV 07-05854 CW                                              OPPOSITION TO MOTION TO DISMISS

holds unclaimed property in trust for the benefit of those entitled to claim it. The state statutes unambiguously provide that the Controller and even the Treasurer holds property he or she takes as "unclaimed" in trust. To the extent that the Controller needs to acquire the publicly traded shares to return them to Plaintiffs, the trust has sufficient resources to do so. Note that the Controller holds at least 4 billion dollars in trust and is not required to pay any interest to beneficiaries of the trust.[15] Obviously the trust earns millions of dollars in interest every year. The amended complaint alleges that California's unclaimed property fund is approximately 4.1 billion dollars. As the W.S.J. reported, the amount of the trust is now closer to 5.1 billion dollars. Since the fund throws off millions of dollars in interest there is no possible argument that the Controller will have to dip into the State Treasury to return the shares to Plaintiffs. Under these allegations that are assumed true for the purposes of a motion to dismiss, there is no Eleventh Amendment bar to return of the property or its value.

## V. Conclusion

Plaintiffs respectfully request that the Court deny the motion to dismiss on the grounds that it is not time barred by a 90-day statute of limitation. And that a complaint seeking restitution for the shares from the trust fund is not barred by the Eleventh Amendment. To the extent that any of the allegations are not set forth specifically enough, Plaintiffs request that the Court grant leave to amend in light of any concerns that the Court has.

Dated: April 3, 2008                                  DOHERTY GEORGESON KERLEY LLP

                                                               /S/ EDWARD KERLEY
                                                              Attorneys for Plaintiffs

---

[15] California Code of Civil Procedure §1540(c)

Case No. CV 07-05854 CW                                        OPPOSITION TO MOTION TO DISMISS