1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General
3  STEPHEN P. ACQUISTO
   Supervising Deputy Attorney General
4  ROSS C. MOODY, State Bar No. 142541
   Deputy Attorney General
5   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
6   Telephone:  (415) 703-1376
    Fax:  (415) 703-1234
7   Email:  Ross.Moody@doj.ca.gov

8  Attorneys for John Chiang, California State Controller

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JOHN PETTITT, MURPHY LABRADOR CORPORATION, MAX GSD TRUST OF 1996 BY BARBARA MUSSER, TRUSTEE,**<br><br>Plaintiffs,<br><br>v.<br><br>**JOHN CHIANG, individually and in his capacity as STATE CONTROLLER OF THE STATE OF CALIFORNIA,**<br><br>Defendant. | CV 07-5854 CW<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br>**(Fed. R. Civ. P. 12(b)(6))**<br><br>Hearing: April 24, 2008<br>Time: 2 p.m.<br>Department: 2, Fourth Floor<br>Judge: The Honorable Claudia Wilken |

## INTRODUCTION

In their opposition to the motion to dismiss, Plaintiffs contend (1) that the Controller has selected the incorrect statute of limitations period for this action and (2) that the Eleventh Amendment does not bar the claims filed in this case. Plaintiffs are incorrect. As explained below, the statute of limitations in a section 1983 case is set by state law, and California's statute of limitations for an Unclaimed Property Law ("UPL") case is 90 days. Plaintiffs failed to file their action within 90 days, and therefore their complaint must be dismissed. In addition, the

Ninth Circuit has expressly held that actions seeking damages in UPL cases are subject to an Eleventh Amendment bar. It is undisputed that Plaintiffs seek damages in this case, having had the proceeds from the Controller's sale of the stock at issue already returned to them. Therefore Plaintiffs' claims are barred, and must be dismissed.[1]

## I.

### PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

Plaintiffs appear to concede that their claim accrued on March 6, 2007, but contend that they are subject to a 2-year statute of limitations, not the 90-day statute provided in California Code of Civil Procedure section 1541. (Opp'n at 3.) We disagree.

It is settled law that federal courts apply the forum state's statute of limitations on actions brought under 42 U.S.C. § 1983. *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003) ("State law governs the statutes of limitations for section 1983 actions..."); *Harvey v. Waldron*, 210 F.3d 1008, 1013 (9th Cir. 2000) ("The length of the limitations period for § 1983 actions is governed by state law."); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998) ("State law determines the statute of limitations for § 1983 suits."); *Hilao v. Estate of Marcos*, 103 F.3d 767, 773 (9th Cir. 1996) (same). Federal courts are to "borrow" the limitations period from the most closely analogous action under the forum state's statutes unless "a rule from elsewhere in federal law clearly provides a closer analogy than available state law statutes." *Barajas v. Bermudez*, 43 F.3d 1251, 1256 (9th Cir. 1994). In this case, the limitations period set forth in section 1541 is not only "closely analogous," but it expressly governs claims

---

1. Plaintiffs' reliance on an article from the Wall Street Journal (Attachment A to Plaintiffs' Opposition) is misplaced. First, on a motion to dismiss, review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir.1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001). The article fails to meet these criteria. Second, the article is slanted, and the facts and opinions in it are subject to reasonable dispute. Fed. R. Evid. 201(b). The news media "cannot be said to be unquestionably accurate," the Controller disputes the accuracy of the facts and accounts in the article and therefore the article should not be considered by this Court. *United States v. Baker*, 641 F.2d 1311, 1316 (9th Cir. 1981).

Reply Memorandum in Support of Motion to Dismiss First Amended Complaint - *Pettitt v. Chiang* - CV 07-5854 CW

challenging the Controller's administration of California's Unclaimed Property Law.  And this district court, in the only federal UPL case in California to consider the issue of which statute of limitations applies, found that the 90-day statute of limitations "time frames set forth in Section 1541 apply" in a section 1983 case. *Turnacliff v. Westly* 2006 WL 1867721 at *3 (N.D. Cal.).

The claims in the First Amended Complaint are barred by the Statute of Limitations. Plaintiffs failed to file any legal challenge to the actions of the Controller within the 90 days provided by section 1541.  If not satisfied with the settlement of the UPL claim and amount of payment by the Controller, Plaintiffs were required by the provisions of California Code of Civil Proceduure section 1541 to commence this action no later than on June 5, 2007 – 90 days after payment of the claim on March 6, 2007.  Instead, plaintiffs waited 257 days from the March 6th payment before filing this action on November 19, 2007.  Therefore, Plaintiffs' claims are time-barred and must be dismissed.

## II.

### THE ELEVENTH AMENDMENT PRECLUDES THE RELIEF SOUGHT BY PLAINTIFFS

Citing *Taylor v. Westly*, 402 F.3d 924 (9th Cir. 2005), Plaintiffs contend that the "Eleventh Amendment does not apply" in a case raising constitutional challenges to an escheatment of stock. (Opp'n at 5.)  Plaintiffs attempt to evade the proscriptions of the Eleventh Amendment by misreading *Taylor* and other Ninth Circuit cases which consider the UPL.  The Ninth Circuit has drawn a distinction between a plaintiff "suing to obtain its property back from the Controller" which is permitted, and "retroactive compensation to plaintiffs from State funds," which is barred under the Eleventh Amendment. *Suever v. Connell*, 439 F.3d 1142, 1143, 1148 (9th Cir.2006); *see also Taylor*, 402 F.3d at 934-935 (comparing permitted relief of seeking return of property with barred relief of seeking damages.)  Here, Plaintiffs have already received a payment representing the proceeds from the sale of the stock at issue, and are simply demanding "lost profits" damages in an amount to make up the difference between the sale price and the current price of the stock.

In the remand of the *Suever* case, the district court recently considered and rejected the

very contention advanced by Plaintiffs. Like the Plaintiffs here, the *Suever* plaintiffs "contend[ed] that under the rubric of 'restitution,' a person reclaiming stock that 'escheated' under the UPL may obtain the current value of that stock, rather than the dollar amount (plus interest) that the Controller received when the stock was sold after he took possession of it." *Suever v. Connell*, 2008 WL 906423 (N.D.Cal. April 1, 2008). The District Court rejected this contention emphatically:

> Plaintiffs' contention that they may be entitled to recover something beyond the actual cash proceeds (plus interest) that the Controller realized when liquidating non-cash property is based on a misreading of *Suever*, *Taylor I*, *Taylor II*, and other precedents. *Taylor I* and *Suever* both unambiguously held that the Eleventh Amendment is no bar to any claim by plaintiffs for return of their own property-such claims simply are not claims for "damages" against the state. Nothing in those opinions, however, supports plaintiffs' arguments that they are entitled to *more* than the actual property the state took into possession (plus interest) or the *proceeds* of that property (again, plus interest) where it was non-cash property that was liquidated. Indeed, a passage plaintiffs quote from *Taylor I* supports exactly the opposite conclusion: "Eleventh Amendment immunity from suit against [the state] for damages payable from its treasury has no application to escheated property and *sales proceeds from escheated property*." *Taylor I*, 402 F.3d at 932 (emphasis added).
>
> Plaintiffs place emphasis on the fact that in finding the *Taylor I* plaintiffs to have alleged viable claims, the Ninth Circuit distinguished *Papasan v. Allain*, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), which held the Eleventh Amendment to bar recovery from a state where the "corpus of the trust was gone with the wind." See *Taylor I*, 402 F.3d at 932. The *Taylor I*, court, however, held only that the allegations of the *Taylor* complaint were sufficient to show that in these UPL cases, "the corpus still exists and is available for return." *Id*. While that proposition is not subject to material dispute with respect to cash or the cash proceeds of property taken under color of the UPL, where non-cash property has been liquidated, anything in excess of those proceeds is "gone with the wind" and not available for return. *Taylor I* does not suggest otherwise; rather, it is clear in context that when the *Taylor I* court stated the "corpus still exists," it was speaking only of the cash and cash proceeds of property taken into custody under color of the UPL.

*Suever v. Connell*, 2008 WL 906423 at *7 (footnote omitted.).[2/]

The reasoning of the district court in *Suever* is sound, and should be followed here.

Plaintiffs have received the proceeds from the sale of the stock at issue and are entitled to no more. Plaintiffs concede that they have received a check from the Controller which represents a payment for the 100,000 shares of CYBS stock which escheated to the state. (First Am. Compl., ¶ 22.) Although Plaintiffs acknowledge that the Controller has returned to

---

2. Plaintiffs in this case have not sought interest, and we do not believe that they are entitled to any interest under the UPL.

1  them the sum received by the Controller when the CYBS shares were liquidated, they contend
2  that the Controller is "liable to Plaintiffs for the loss in value of the CYBS [shares] after they
3  were seized." (First Am. Compl., ¶ 9.) They also seek "monetary damages, in a manner
4  commensurate with the injuries they have suffered." (First Am. Compl., ¶ 46.) Therefore,
5  plaintiffs' First Amended Complaint makes clear that there is no longer any property to return,
6  and that this case is solely about monetary damages, which are barred by the Eleventh
7  Amendment.

8        Although clinging to the fiction that they are merely asking for their property to be
9  returned, in opposition Plaintiffs suggest that the state spend state funds to "*acquire the publicly
10 traded shares* to return them to Plaintiffs." (Opp'n at 7 (emphasis added.).) The expenditure of
11 state funds to purchase stock shares on the open market and give them to Plaintiffs is not
12 permitted by the Eleventh Amendment. "Federal courts may not award retrospective relief, for
13 instance, money damages or its equivalent, if the State invokes its [Eleventh Amendment]
14 immunity." *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004). Therefore Plaintiffs'
15 demand for damages runs afoul of the Eleventh Amendment, and requires a dismissal of the
16 complaint. *Edelman v. Jordan*, 415 U.S. 651, 677 (1974) [Eleventh Amendment precludes
17 actions brought against a state officer where the action is essentially one for recovery of money
18 from the state treasury].

19 **CONCLUSION**

20       The First Amended Complaint should be dismissed because the claims presented in it
21 are barred by the statute of limitations, and violate the proscriptions of the Eleventh Amendment.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Reply Memorandum in Support of Motion to Dismiss First Amended Complaint - *Pettitt v. Chiang* - CV 07-5854 CW

5

Dated: April 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

STEPHEN P. ACQUISTO
Supervising Deputy Attorney General

/s/ Ross C. Moody

ROSS C. MOODY
Deputy Attorney General
Attorneys for Defendant

40239723.wpd
SA2007103310

Reply Memorandum in Support of Motion to Dismiss First Amended Complaint - *Pettitt v. Chiang* - CV 07-5854 CW

6