**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PETTITT; MURPHY LABRADOR CORPORATION; MAX GSD TRUST OF 1996 BY BARBARA MUSSER, TRUSTEE,<br><br>          Plaintiffs,<br><br>     v.<br><br>JOHN CHIANG, individually and in his capacity as STATE CONTROLLER OF THE STATE OF CALIFORNIA,<br><br>          Defendant.<br>_____ / | No. C 07-5854 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

   Defendant John Chiang has filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs John Pettitt, Murphy Labrador Corporation and Max GSD Trust of 1996 oppose the motion.  The motion was submitted on the papers.  Having considered all of the papers filed the parties, the Court grants Defendant's motion to dismiss.

                           BACKGROUND
   The following facts are taken from the first amended complaint and assumed true for purposes of this motion.

Plaintiff Pettitt is the trustor of Plaintiff the Max GSD Trust of 1996 (Trust). The Trust held, among other investments, 100,000 shares in Cybersource Corporation. Plaintiff Murphy Labrador Corporation (MLC) is a holding company that operates to hold investments for the benefit of the Trust. Plaintiffs allege that Defendant violated their right to due process when, in 2004, Defendant caused Cybersource Corporation to issue a duplicate stock certificate representing the 100,000 shares held by the Trust for Pettitt and thereby seized those shares pursuant to the Unclaimed Property Law (UPL), Cal. Code Civ. P. §§ 1300 et seq.

Plaintiffs allege that they were not aware of the seizure until April, 2006, when Pettitt was contacted by a company offering, for a fee, to reclaim his shares from the State. On May 17, 2006, Pettitt filed a claim for the return of the shares. On March 6, 2007, Defendant issued a check in the amount of $663,000 to Plaintiffs and informed them that the shares had been sold on December 17, 2004 at the price of $6.63 per share. Plaintiffs allege that the value of the shares increased from $6.63 to $12.00 between December 17, 2004 and March 6, 2007. Plaintiffs further allege they "would not have liquidated the stock at any time prior to the date hereof at any price." FAC ¶ 24.

Plaintiffs state a cause of action pursuant to 42 U.S.C. § 1983, alleging that Defendant violated their right to due process by infringing their "constitutionally protected property interest [in the shares] without due process of law." FAC ¶ 42. Therefore, Plaintiffs seek "restitution of their property and monetary damages, in a manner commensurate with the injuries they have

2

suffered." FAC ¶ 45. In addition, Plaintiffs allege that Defendant failed to comply with the requirements of the UPL by failing to provide them with notice of the seizure and failing to "[a]ssign a value to Plaintiffs' stock upon liquidating it that was rationally related to the time and manner that Plaintiffs' stock was or should have been sold." FAC ¶ 49(f). Therefore Plaintiffs seek "restitution of their Property or the value thereof from the Unclaimed Property Fund, or, alternatively, monetary Damages, in a manner commensurate with the injuries they have suffered as a result of Defendant's violations of the Unclaimed Property Law." FAC ¶ 50.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911

3

F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). An amended complaint cannot allege facts inconsistent with the challenged pleading.  Id. at 296-97.

## DISCUSSION

Defendant argues that Plaintiffs' § 1983 claim is barred by the Eleventh Amendment because they seek money damages against the State.  Plaintiffs counter that they "seek return of their own property that has been held in trust by the Controller," and therefore, under Taylor v. Westly, 402 F.3d 924 (9th Cir. 2005), their claims are not subject to Eleventh Amendment immunity.  In Taylor, the Ninth Circuit held that the Eleventh Amendment does not apply to funds seized under the UPL because those funds were not "permanently escheated" and therefore were being held in trust by the State.  Id. at 931.

However, Plaintiffs overlook the fact that the State has paid them the amount it received when it sold the shares.[1]  Taylor clearly provides that "the state's Eleventh Amendment immunity from suit against it for damages payable from the treasury has no application to escheated property and sales proceeds from escheated

---

[1] The Controller is clearly authorized to make such a sale. See Cal. Code Civ. P. § 1371 ("The Controller . . . may sell, cash, redeem, exhchange, or otherwise dispose of any securities . . if, in his or her opinion, that action on his or her part is necessary or will tend to safeguard and conserve the interests of all parties.").

4

property." Id. at 932.  As the court in Suever v. Connell found, nothing in the existing case law "supports plaintiffs' arguments that they are entitled to more than the actual property the state took into possession . . . or the proceeds of that property . . . where it was non-cash property that was liquidated."  2008 WL 906423, *7 (N.D. Cal. 2008) (emphasis in original).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss.[2]  Because amendment would be futile, the dismissal is with prejudice.  The Clerk shall enter judgment in favor of Defendant and close the file.  Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 4/22/08

CLAUDIA WILKEN
United States District Judge

---

[2] Because the Court finds that Plaintiffs' claims are barred by the Eleventh Amendment, it need not reach Defendant's alternative argument that the claims are time-barred.