ADAMONT N. GEORGESON (57087)
J. EDWARD KERLEY (175695)
DOHERTY GEORGESON KERLEY LLP
1101 Fifth Avenue, Suite 310
San Rafael, CA 94901
(415) 453-2300
(415) 455-0270 Facsimile

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PETTITT, MURPHY LABRADOR CORPORATION, MAX GSD TRUST OF 1998 BY BARBARA MUSSER, TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN CHIANG, individually and in his capacity as STATE CONTROLLER OF THE STATE OF CALIFORNIA,<br><br>Defendant. | Case No.: 07 CV 05854 CW<br><br>MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL<br><br>Date:  August 14, 2008<br>Time:  2:00 p.m.<br>Dept:  2 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

### 1. The Motion

PLEASE TAKE NOTICE that on August 14, 2008, at 2:00 p.m. in Department 2 of the above-captioned Court Plaintiffs hereby move for an order permitting a late filing of a Notice of Appeal, based upon a finding that the filing of a notice of appeal on May 20, 2008, was the functional equivalent of a filing of such notice.

### 2. Statement of Facts

As set forth in the accompanying declarations of Adamont N. Georgeson, Jon Arneson and Rita M. Coe, Plaintiffs on May 20, 2008 in a timely manner attempted electronically to file a Notice of Appeal of the Order of Judge Claudia Wilkin dated April

1  22, 2008, dismissing Plaintiffs' action against Defendant.  (A copy of the Notice of
2  Appeal is submitted herewith as Exhibit A to the Declaration of Adamont N. Georgeson.)
3       As instructed by the court, this case is an electronic filing matter subject to the
4  rules of ECF (Electronic Court Filing) as provided in Local Rule 5-4 and 5-5(b).  A
5  proper and timely Notice of Appeal was submitted on that date.  Unfortunately, whether
6  it was the court's act of granting the motion for dismissal and simultaneously entering a
7  judgment of dismissal, or a problem with the e-filing website, the electronic filing was
8  apparently rejected, since  Plaintiffs received no confirmation (or rejection) of the e-
9  filing.  Plaintiffs' attorney's secretary had a specific discussion with one of the clerks at
10 the District Court and was told to ignore the indication that the case was closed and to
11 continue to process the electronic filing.  In searching for a category in which to qualify
12 the application, Plaintiffs' attorney's staff selected the category "Other" and inserted the
13 words "Notice of Appeal.  On the same date that action was taken, pursuant to general
14 order 45, Section VI G, the Notice of Appeal was sent to the Clerk to Judge Wilkin.
15      Plaintiffs had no way of knowing, except that no ECF confirmation appeared, that
16 the electronically filed appeal was not properly received and logged.  In fact, Plaintiffs'
17 receipt of an executed receipt from Federal Express, executed by "C. Lanahan" on May
18 21, 2008 at 09:40 attached to the declaration of Rita M. Coe as Exhibit "A" establishes
19 that the Appeal had been received timely by the clerk of the Court.
20      Inadvertently, Plaintiffs failed to include the appellate filing fee of $455.00.  This
21 oversight is a clerical error and not jurisdictional, which normally would easily have been
22 rectified by a call from the clerk's office reminding counsel to forward the payment of
23 the appropriate filing fee.
24      Because of the failure on May 20th to receive electronic confirmation from either
25 the U.S. District Court or the U.S. Court of Appeals for the Ninth District, Plaintiffs had
26 no way of knowing that their Notice of Appeal had not been received and was not being
27 duly processed.
28

DOHERTY GEORGESON KERLEY LLP
1101 Fifth Avenue, Suite 310
San Rafael, CA  94901
(415) 453-2300

1   As a follow-up to a monthly updating on current cases, it was learned late on July 2, 2008, by calling the U.S. District Court Clerk's office (see declaration of Jon Arneson) that the court still had no record of receipt of the Notice of Appeal.

Because of an all-day press of business on July 3, and being absent from the office from July 4 through the morning of July 8, 2008, Plaintiffs' counsel could not commence its investigation of what the problem was, and how to rectify it, until commencing on July 8, 2008. This motion is filed as soon as practicable, two days afterwards.

This motion for excusable neglect to permit the late filing of the Notice of Appeal or to equitably extend the filing of the Notice of Appeal follows conscientiously from discovering the problem on July 2, 2008.

No statute of which Plaintiff is aware provides for an ex parte application to advance the time for hearing of this motion, and accordingly it has been set by the court for the earliest hearing date on August 14, 2008, as set forth on the face page of these pleadings.

**3. Plaintiffs' Efforts Were the Functional Equivalent of Filing a Notice of Appeal**

The Civil Local Rules of the U.S. District Court for the Northern District of California provide at 1 – 5 "Definitions" (a) "Clerk" refers to the clerk or a deputy clerk of the court; and at (e) "File" means delivery to and acceptance by the clerk of a document that is prepared for filing and which will be included in the files of the court and noted in the docket of the case. Under urgent circumstances and for good cause shown, judges may accept documents for filing.

"An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." *Fed R. App.* P. 3(c). So long as a timely filed paper is a "functional equivalent" to a notice of appeal it will suffice as a proper notice of appeal. A paper is a "functional equivalent" to a notice of appeal if it gives notice of the party's intent to appeal, the judgment or order appealed from, and the court to which the appeal is taken. *Smith v. Barry*, 502 U.S. 244, 248, 112 S. Ct. 678, 116 L. Ed. 2d 678 (1992) (timely filed informal

DOHERTY GEORGESON KERLEY LLP
1101 Fifth Avenue, Suite 310
San Rafael, CA 94901
(415) 453-2300

3

brief on appeal sufficient); *Torres v. Oakland Scavenger Co.* 487 U.S. 312, 314, 108 S. Ct. 2405, 101 L. Ed. 2 285 (1988) ("et al." insufficient to specify unnamed parties for appeal [but *Fed. R. App.* P. 3(c) was later amended in response to this holding]).

In light of this provision, Plaintiffs transmittal of the Notice of Appeal with its acknowledgment of overnight Federal Express delivery by the court's clerk, constitutes an effective filing. The failure to send in a filing fee could easily have been cured with a telephone call or e-mail from the clerk to Plaintiffs noting that oversight.

### 4. Conclusion

Plaintiffs engaged in a timely and reasonable attempt to file a Notice of Appeal on May 20, 2008. But for the refusal of the ECF system to acknowledge the electronic filing, Plaintiffs did what was necessary and appropriate to establish the filing. Plaintiffs' efforts were the functional equivalent of filing a Notice of Appeal.

In fact, on May 21, 2008, the court received a hard form of the Notice of Appeal, but reportedly misfiled or misplaced it.

Plaintiffs' oversight in not remitting the $455.00 filing fee is easily cured, and will be, with the immediate filing of the Notice of Appeal and payment of the fees following the Court's granting of this motion.

Respectfully submitted,
DOHERTY GEORGESON KERLEY LLP

Dated: July 10, 2008           /s/ ADAMONT N. GEORGESON