EDMUND G. BROWN JR.
Attorney General of the State of California
CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General
ROSS C. MOODY, State Bar No. 142541
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-1376
 Fax:  (415) 703-1234
 Email:  Ross.Moody@doj.ca.gov

Attorneys for John Chiang, California State Controller

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JOHN PETTITT, MURPHY LABRADOR CORPORATION, MAX GSD TRUST OF 1996 BY BARBARA MUSSER, TRUSTEE,**<br><br>                                      Plaintiffs,<br><br>      v.<br><br>**JOHN CHIANG, individually and in his capacity as STATE CONTROLLER OF THE STATE OF CALIFORNIA,**<br><br>                                      Defendant. | CV 07-5854 CW<br><br>**OPPOSITION TO MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**<br><br>Hearing:      August 14, 2008<br>Time:           2:00 p.m.<br>Department: 2, Fourth Floor<br>Judge:         The Honorable Claudia Wilken |

**INTRODUCTION**

Plaintiffs' case was dismissed by order and judgment dated April 22, 2008 following a motion to dismiss.  Any notice of appeal regarding this dismissal was due 30 days later, on May 22, 2008.  Fed. R. App. P. 4(a)(1)(A).  Defendants received no service of a notice of appeal between entry of judgment and May 22, and the docket does not indicate that any notice of appeal was filed.  Thereafter, plaintiffs filed this motion on July 10, 2008, 49 days after the time to appeal had run, and 17 days after the period in which an extension of time for filing the notice

of appeal could be granted. Fed. R. App. P. 4(a)(5)(A)(i). Because Plaintiffs waited too long to seek relief for the late filing of a notice of appeal, this motion must be denied.

## I.

### PLAINTIFFS' MOTION MUST BE DENIED AS UNTIMELY.

The Supreme Court has consistently held the requirement of filing a timely notice of appeal is "mandatory and jurisdictional." *Browder v. Director, Dept. of Corrections of Ill.,* 434 U.S. 257, 264 (1978). In 2007, the Supreme Court specifically held that the late filing of a notice of appeal is fatal to an attempted appeal: "Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, __ U.S. __, 127 S.Ct. 2360, 2366 (2007).

In addition, a district court's ability to grant relief for the late filing of a notice of appeal is strictly limited, and cannot be granted unless the relief is sought "no later than 30 days after the time prescribed by this Rule 4(a) expires." Fed. R. App. P. 4(a)(5)(A)(i); *Mendes Junior Int'l Co. v. Banco Do Brasil, S.A.,* 215 F.3d 306, 311 (2d Cir. 2000) ["we do not interpret the rules of procedure as allowing the court to revive a losing party's right to appeal after both the original appeal period and the permissible grace period have expired."] When a motion to extend is filed more than 30 days after the time to appeal has run, the district court cannot grant the motion. *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001).

Thus, the district court lacks jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30-day grace period. In *Beard v. Carrollton R.R.*, 893 F.2d 117, 120 (6th Cir. 1989)(overruled on other grounds, *Roddy v. Grandtrunk Western R.R., Inc*., 395 F.3d 318, 324-25 (6th Cir. 2005)), the district court granted a motion for an extension of appeal time filed 64 days after entry of judgment, "[t]here being no objection from the" appellees, and where no party was questioning the timeliness of the appeal. Nonetheless, the appeal was dismissed: "The district court was without authority to extend the period for filing a notice of appeal" after the strictly enforced time limits of Rule 4(a)(5) had run, "and we lack jurisdiction to consider [the] appeal." 893 F.2d at 120. Similarly, when a motion for extension of appeal time was filed 36 days after expiration of the appeal period, it was still 6 days late, and had to be rejected: "The

requirement that motions for extension be filed within thirty days of the original deadline is mandatory and jurisdictional." *Alaska Limestone Corp. v. Hodel* , 799 F.2d 1409, 1411 (9th Cir. 1986).

Here, Plaintiffs' motion is styled as a request "for an order permitting a late filing of a Notice of Appeal," and is therefore subject to the time limits in Federal Rule of Appellate Procedure 4(a)(5). (Motion, p. 1.) The motion was filed on July 10, 2008, 49 days after the 30 days provided for in Rule 4(a)(5) had lapsed. Accordingly, this Court is foreclosed from providing the relief sought. *See Victor F. v. Pasadena Indep. School Dist.*, 793 F.2d 633, 634 n.2 (5th Cir. 1986). [A motion for an extension of appeal time filed 34 days after the time had run could not be considered by the district court.]; *Crossman v. Maccoccio*, 792 F.2d 1, 2 (1st Cir. 1986) [A motion for extension of appeal time filed two days after the last day permitted by Rule 4(a)(5) "was untimely and no court would have the power to extend the time for appeal."]

Plaintiffs clearly had an opportunity to cure their defective filing within the time period provided by the rules. While plaintiffs argue that "there was no way of knowing their Notice of Appeal had not been received and was not being duly processed," (Motion, p. 2), this is obviously not true. Plaintiffs freely concede that they "received no confirmation of filing" via the Court's ECF system, which should have put them on notice that their filing had not occurred. (Motion, p. 2.) Moreover, the status of the docket was easily accessible to counsel via the Northern District PACER website or through a phone call to the clerk's office. It is well understood that a party seeking to appeal must monitor the filing status of their notice of appeal:

> [I]t is crucial for the appellant in a civil case to verify the clerk's receipt of the notice of appeal, and the date on which it was received. If the notice of appeal was not received on time, appellant should move at once for an extension of time.

20 Moore's Federal Practice § 303.31[2][b][ii](3d ed.)

Here, Plaintiffs were on even greater notice that their filing may not have occurred, and that steps to verify its filing should have been taken, given the circumstances described in Plaintiffs' motion, such as multiple staff members consulting on how to file the notice, difficulties with the ECF website and a call to the clerk for assistance. Nonetheless, Plaintiffs'

1 counsel apparently made no effort to confirm the filing of the notice of appeal in May or June of
2 2008.

## II.

### THE DELIVERY OF A COURTESY COPY TO CHAMBERS WAS NOT SUFFICIENT.

Plaintiffs aver that they sent a courtesy copy of the unfiled notice of appeal to this Court's chambers, and that the Court's receipt of it on May 21, 2008, within the 30-day time period specified by the rules, should be deemed "the functional equivalent" of a timely filing of a notice of appeal. (Motion, pp. 3-4.) Plaintiffs contend that delivery to the chambers clerk "constitutes an effective filing." (Motion, p. 4.) It does not. By definition, a document provided to chambers under Civil Local Rule 5-1(b) is an "extra copy" of a document already "filed under Civil L.R. 5-1(a)." N.D. Civ. L.R. 5-1(b). As an experienced practitioner, Plaintiffs' counsel surely knows that a courtesy copy sent to chambers is not filed in the docket.[1] Neither Plaintiffs' counsel nor his staff members aver that they requested the clerk to file the notice of appeal sent to chambers. Accordingly, there is no basis for contending that the chambers copy was intended for filing or that its delivery constituted a filing.

///
///
///
///
///
///
///
///
///

---

1. Citing *Smith v. Barry*, 502 U.S. 244, 248 (1992), Plaintiffs argue that "[s]o long as a timely filed paper is a 'functional equivalent' to a notice of appeal it will suffice as a proper notice of appeal." (Motion, p. 3.) The rule announced in *Barry* is not applicable here because Plaintiffs failed to submit a "timely filed paper."

**CONCLUSION**

Plaintiffs motion for an extension of time to file notice of appeal should be denied.

Dated: July 24, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

STEPHEN P. ACQUISTO
Supervising Deputy Attorney General


/s/ Ross C. Moody

ROSS C. MOODY
Deputy Attorney General

Attorneys for John Chiang, California State Controller

20127771.wpd
SA2007103310